UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | CASE NO. : 17-15937-MDC |
| ) | |
| SHENEKA D. GOLDEN-DEVEAUX, ) | |
| Debtor ) | CHAPTER 13 |
| ) | |
| CAPITAL ONE AUTO FINANCE ) | |
| A DIVISION OF CAPITAL ONE N.A. ) | **HEARING DATE:** |
| Movant ) | Tuesday, March 6, 2018 |
| vs. ) | 10:30 a.m. |
| SHENEKA D. GOLDEN-DEVEAUX, ) | **LOCATION:** |
| Respondent ) | U.S. Bankruptcy Court |
| ) | Eastern District of Pennsylvania |
| and ) | Courtroom #2 |
| WILLIAM C. MILLER ) | 900 Market Street |
| Trustee ) | Philadelphia, PA 19107 |
| ) | |

## STIPULATION

AND NOW, this ____ day of _____, 2018, this matter having come before this Court upon application of **Capital One Auto Finance, a Division of Capital One N.A.** (hereinafter referred to as *"COAF"*), a secured creditor of the above-named Debtor, by its counsel, for relief from the automatic stay pursuant to 11 U.S.C. § 362;

AND it appearing that Debtor, *Sheneka D. Golden-DeVeaux*, through Debtor's attorney, *Georgette Miller, Esquire,* have reached an agreement with regard to said Motion for Relief regarding a 2011 NISSAN Rogue-4 Cyl. Utility 4D SV AWD, V.I.N. JN8AS5MV8BW298240 (the "Vehicle"), as per the terms contained in this Order;

AND, it appearing that Debtor is indebted to *COAF* on a loan which enabled Debtor to purchase said Vehicle, which loan terms are set forth in a Retail Installment Contract (the "Contract"); and

WHEREAS COAF has filed a Motion for Relief; and

WHEREAS the Debtor and COAF seek to resolve the Motion for Relief; it is hereby stipulated and agreed that:

1. The value of the 2011 NISSAN Rogue to be paid through the Plan is $10,500.00.

2. The value of the vehicle shall be paid through the Plan at 4.75% interest for sixty (60) months. The payments will total $11,816.83 and COAF shall have a total secured claim in that amount.

3. The balance of any claim shall be a general unsecured claim.

4. This agreement is only binding upon the parties in this instant Chapter 13 case. If not paid in full within this instant Chapter 13 due to dismissal or conversion, this agreement is not binding upon the parties.

5. If Debtor shall fail to maintain a plan with treatment to COAF conforming to this Stipulation and Debtor fails to cure said default within fifteen (15) days after notice by COAF (or its counsel) of said default, counsel for COAF may file a Certification of Default with the Court setting forth Debtor's default and COAF shall be granted relief from the automatic stay provisions of Section 362 of the Bankruptcy Code (11 U.S.C. § 362), and COAF is then also free to proceed with exercising its rights and remedies as may be allowed under State and Federal law without regard to any future conversion of this matter to a different form of bankruptcy. The Debtor shall be allowed to default and cure such default under this Stipulation one (1) time. Should the Debtor default a second (2nd) time, notice of the default will be served, but the Debtor will not be granted an opportunity to cure the default and COAF may file a Certification of Default.

6. In the event Debtor converts to a bankruptcy under any Chapter other than Chapter 13 of the Bankruptcy Code, then Debtor shall pay all pre-petition arrears and post-petition arrears due and owing within fifteen (15) days from the date the case is converted from Chapter 13 to any other Chapter. If Debtor fails to make payment in accordance with this paragraph, then COAF, through counsel, may file a Certification of Default setting forth said failure and COAF shall be granted relief from the automatic stay provisions of Section 362 of the Bankruptcy Code

(11 U.S.C. § 362) and COAF is then also free to proceed with exercising its rights and remedies as may be allowed under State and Federal law.

7. The failure by COAF, at any time, to issue a Notice of Default or file a Certification of Default upon default by the Debtor shall not be construed, nor shall such failure act, as a waiver of any of COAF's rights hereunder.

8. This Stipulation is a supplement and in addition to the Contract between the parties and not in lieu thereof.

9. Facsimile signatures shall be accorded the same force and effect as an original signature, and may be submitted to the Court.

10. A faxed signature shall be treated as an original signature for purposes of this Stipulation.

/s/ Jason Brett Schwartz     4/3/18
Jason Brett Schwartz, Esquire
Attorney for COAF
Mester & Schwartz, P.C.
1333 Race Street
Philadelphia, PA 19107
(267) 909-9036

/s/ Georgette Miller
Georgette Miller, Esquire
Attorney for the Debtor
Law Office
of Georgette Miller, Esq. PC
335 Evesham Avenue
Lawnside, NJ 08045
(856) 323-1100

4/18/18
*Jacqueline M Chandler-Brown*
William C. Miller, Esquire    NO POSITION
Chapter 13 Trustee
P.O. Box 1229               *without prejudice to any
Philadelphia, PA 19105      trustee rights or remedies
(215) 627-1377

April 20, 2018

SO ORDERED
BY THE COURT:

*Magdeline D. Coleman*

Magdeline D. Coleman
U.S. Bankruptcy Judge